UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| THOMAS W. TILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:17-CV-42 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Thomas W. Till, a *pro se* prisoner, filed a habeas corpus petition challenging ISP 16-10-053, a prison disciplinary proceeding held at the Indiana State Prison on October 14, 2016, where a disciplinary hearing officer found him guilty of asserting and/or filing a false lien in violation of A-122. As a result, he was sanctioned with a loss of telephone privileges, 120 days in disciplinary segregation, the loss of 120 days earned credit time and a demotion from credit class 2 to credit class 3. (DE 1 at 1, 26.) However, he did not lose any earned credit time or demotion in credit class as a result of this hearing because the sanctions were suspended and have not yet been imposed. (Id.)

A prison disciplinary action can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Here, the suspended sentence was not imposed, and so the disciplinary action has not increased his duration of confinement. Because there was no increase in the length of confinement, Till cannot receive relief based on this habeas corpus claim. Because there is no relief that he can obtain in this habeas corpus proceeding, the petition will be denied. If in the future this suspended sanction is imposed, then he may file another habeas corpus petition challenging it.

For the reasons set forth above, the court **DENIES** the petition pursuant to SECTION 2254 HABEAS CORPUS RULE 4 and this case is **DISMISSED WITHOUT PREJUDICE**.

ENTERED: January 31, 2017

 s/William C. Lee
William C. Lee, Judge
United States District Court